UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Michael L. Schultz,                          Case No. 2:17-cv-190-FtM-PAM-MRM

Petitioner,

v.                                        **MEMORANDUM AND ORDER**

Secretary, Department
of Corrections, and Attorney
General, State of Florida

Respondents.

___

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

**BACKGROUND**

On February 7, 2012, a jury in Collier County, Florida, convicted Petitioner Michael L. Schultz of armed burglary, grant theft, and trespass. The trial court sentenced Schultz to life in prison for armed burglary as a release re-offender, five years' imprisonment for theft, and time served for trespass. Schultz appealed his conviction, and the Florida Second District Court of Appeal affirmed his armed-burglary conviction, but reduced the grand-theft conviction to petit theft. Schultz v. State, 105 So.3d 1280 (Fla. Dist. Ct. App. 2013). The trial court subsequently sentenced Schultz to time served on the petit-theft count, but that did not affect his life sentence.

Schultz filed a series of postconviction motions. On January 31, 2014, he filed a Rule 3.850 motion for postconviction relief, claiming ineffective assistance of trial counsel.

(Docket No. 16-2 at 86-99.)  The trial court granted an evidentiary hearing on one of his claims, which alleged that his trial counsel failed to convey a plea offer of 30 years' imprisonment to run consecutively with another sentence in DeSoto County, Florida. (Docket No. 17-1 at 353-57.)  Evidence at the hearing showed that Schultz knew of the plea offer before trial, and thus suffered no prejudice and was therefore not entitled to relief. (Docket No. 18-1 at 178-82.)  Schultz appealed, and the Court of Appeal affirmed.  Schultz v. State, 229 So.3d 1232 (Fla. Dist. Ct. App. 2017) (table).

While Schultz's first Rule 3.850 motion was on appeal, he filed other postconviction motions.  On July 10, 2015, he filed a motion alleging ineffective assistance of appellate counsel and manifest injustice.  (Docket No. 18-1 at 310-17.)  The petition was dismissed as untimely, Schultz v. State, 208 So. 3d 86 (Fla. Dist. Ct. App. 2015) (table), and rehearing was denied.  (Docket No. 18-1 at 332.)  He filed a second Rule 3.850 motion on July 29, 2015, arguing manifest injustice, an illegal and vindictive sentence, and ineffective assistance of trial counsel.  (Id. at 334-52.)  The trial court dismissed his petition as untimely.  (Id. at 374-75.)  He appealed, and the Court of Appeal affirmed on March 2, 2016.  Schultz v. State, 187 So.3d 1246 (Fla. Dist. Ct. App. 2016) (table).  Schultz filed another motion alleging ineffective assistance of appellate counsel on September 9, 2016. (Docket No. 18-1 at 323-34.)  This petition was also dismissed as untimely (Docket No. 18-2 at 42), and the request for rehearing denied.  (Id. at 52.)

Schultz timely filed the instant Petition under 28 U.S.C. § 2254 on April 3, 2017. The Petition (Docket No. 1) raises four grounds for relief, contending that Schultz's trial and appellate counsel were ineffective.

2

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

AEDPA requires both that a habeas petition be timely filed and that the petitioner have exhausted his remedies with respect to the relief he seeks. As relevant here, AEDPA provides that a petition must be filed within one year of the date the underlying conviction

3

became final. 28 U.S.C. § 2244(d)(1)(A). The State does not dispute that Schultz's Petition is timely.

### A.    Ineffective Assistance of Counsel

Schultz can succeed on his ineffective-assistance claims only if he can show that the trial court's determination of the facts surrounding his claims was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish both that his counsel was ineffective and that it was unreasonable for the court reviewing his claims to conclude otherwise.

"Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair." Damron v. Florida, No. 8:07-cv-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Schultz must demonstrate "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Schultz "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). But "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms,' and anything that 'might be considered sound trial strategy' will generally not prove counsel ineffective. Damron, 2009 WL 1514269, at *2 (quoting Strickland, 466 U.S. at 689).

### 1. Plea Offer

In ground one, Schultz contends that his trial counsel was ineffective for misinforming him of a plea offer for 30 years' imprisonment to run concurrently with any other sentence. He argues that his attorney told him that the 30 years' imprisonment would run consecutively with another sentence, and that Schultz only learned of the concurrent offer from the judge at the sentencing hearing. Schultz claims that such an offer would have been particularly appealing to him, because he faced mandatory life imprisonment for going to trial as a prison release reoffender.

Schultz raised this issue in his Rule 3.850 motion, and on appeal of its denial. The state court held an evidentiary hearing, at which Schultz's trial counsel testified that Schultz was present at the case-management conference where counsel learned of the thirty-year concurrent offer, and Schultz indicated to his counsel that he would not accept it. (Docket No. 18-1 at 178-82.) Schultz also testified at the hearing, and the trial court did not find his testimony credible because he contradicted his sworn Rule 3.850 motion, in which he stated that trial counsel told him the offer was to run consecutively, rather than concurrently. (Id.)

Neither the trial court nor the appellate court found that Schultz met the first prong of Strickland, and because it is not an unreasonable view of the facts, the Court defers to the state court's finding. See § 2254(e)(1). Schultz has not demonstrated that his counsel's conduct was objectively unreasonable or that he was prejudiced as a result, and this claim fails.

### 2. Acquittal and Lesser Included Offenses

In ground two, Schultz argues that his trial counsel was ineffective for failing to move for acquittal on his armed-burglary conviction or seek a jury instruction on armed burglary's lesser-included offenses. Schultz first claims that because evidence of the burglary was circumstantial, the State did not prove all requisite elements of the offense, thus his counsel should have moved for a judgment of acquittal. But, as the postconviction court found, the trial transcript shows that Schultz's counsel moved for a judgment of acquittal, arguing that the State did not prove that Defendant touched or used the weapon in the burglary. (Docket No. 17-1 at 355-56; Docket No. 15-2 at 103-04.) Also, in his direct appeal, Schultz argued that the trial court erred in denying his motion for judgment of acquittal on the armed-burglary charge. (Docket No. 15-2 at 219.) This aspect of ground two is without merit.

Schultz next asserts that his trial counsel was ineffective for not seeking a jury instruction encompassing burglary of a dwelling as a lesser-included offense of armed robbery. The jury was instructed on the lesser-included offenses of burglary of a conveyance and trespass, and nevertheless found Schultz guilty of armed robbery. He does not explain why a jury would have likely determined that he met the elements for burglary of a dwelling. Nothing in the record demonstrates that Schultz's trial counsel's representation fell below the Strickland standards. Ground two fails.

### B. Martinez Claims

Schultz brings his claims of ineffective appellate counsel under Martinez v. Ryan, 566 U.S. 1, (2012), because he asserts that it creates an exception to the procedural-default

6

rule requiring a petitioner to properly raise his or her arguments before the state court before asserting them in a federal habeas claim. As a general matter, ineffective assistance of appellate or postconviction counsel will not provide cause to excuse a procedural default. See Coleman v. Thompson, 501 U.S. 722, 754 (1991). If, however, state law requires that ineffective-assistance claims be raised in collateral-review proceedings rather than on direct appeal, ineffective assistance of postconviction counsel may provide cause to excuse a procedural default of a claim that trial counsel was ineffective. Martinez, 566 U.S. at 16-17. A procedural default will be excused on this basis only when postconviction counsel rendered constitutionally ineffective assistance, not merely when postconviction counsel made an error that did not amount to constitutionally ineffective assistance.

Both of Schultz's Martinez claims relate to the trial judge's comment at sentencing: "thirty-years is looking pretty good now, isn't it." (Pet. Mem. (Docket No. 2) at 15.) In ground three, Schultz claims that his appellate counsel was ineffective because she did not file a Rule 3.000(b) motion to preserve a fundamental sentencing error based on this remark. And in ground four, Schultz argues ineffective assistance of appellate counsel for failing to raise the judge's comment as a sentencing issue on direct appeal.

Schultz asserts that his trial counsel should have appealed his sentence because of the judge's "vindictive" comment. (Id.) First, Schultz did not bring a timely claim of ineffective assistance of appellate postconviction counsel, and thus there is no record on which the Court could make a determination on this issue in the first instance. But more importantly, the Martinez exception to Coleman's general rule applies only in instances where initial postconviction counsel provides allegedly ineffective assistance in failing to

raise in a state habeas petition a claim regarding ineffective assistance of trial counsel. Martinez, 566 U.S. at 9. There is no exception for the alleged ineffective assistance of appellate postconviction counsel.

And even if there were such an exception, Schultz cannot establish that his appellate postconviction counsel rendered constitutionally ineffective assistance. "The Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." Heath v. Jones, 941 F.2d 1126, 1130-31 (11th Cir. 1991). Instead, "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). Schultz cannot establish that he could have prevailed on the unraised claims in the appellate court, and he therefore suffered no prejudice from his appellate postconviction counsel's failure to raise those issues during his postconviction appeal. Thus, Schultz has no right to relief on his claims.

**C.     Evidentiary Hearing**

AEDPA provides that a habeas petitioner is entitled to a hearing only if he can show that his claim "relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty . . . ." Id. § 2254(e)(2).

Schultz's claims of ineffective assistance of counsel fail on the merits. He cannot establish either that his counsel was ineffective or that that it was unreasonable for the court

8

reviewing his claims to conclude otherwise. Because the facts here establish that Schultz's counsel did not provide ineffective assistance, an evidentiary hearing is not warranted.

**D.      Certificate of Appealability**

Schultz is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Schultz has not demonstrated that his claims "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Schultz's claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Schultz's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED**;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: April 15, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge